IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES LEE FLETCHER, JR., )
)
Plaintiff )
)
v. ) C.A. No. 12-920-GMS-SRF
)
CAROLYN W. COLVIN )
Commissioner of Social Security, )
)
Defendant. )

## MEMORANDUM

### I. INTRODUCTION

Pending before the court are: the cross motions for summary judgment filed by plaintiff James Fletcher, Jr. ("Fletcher") and defendant Commissioner of Social Security Carolyn Colvin ("Commissioner") (D.I. 11, 14); Magistrate Judge Fallon's Report and Recommendation ("the R&R"), dated February 11, 2015 (D.I. 20); and the Objections filed by Fletcher on February 26, 2015. (D.I. 21.) For the reasons below, the court will overrule Fletcher's objections and adopt the R&R. Thus, the court will deny Fletcher's motion for summary judgment (D.I. 11) and grant the Commissioner's motion for summary judgment. (D.I. 14.)

### II. OBJECTIONS

Fletcher seeks review of the Social Security Administration's denial of his claims for disability insurance benefits and supplemental security income. Administrative Law Judge ("ALJ") Barbara Powell denied Fletcher's application on November 16, 2010, after a hearing. In his motion for summary judgment, Fletcher contends that ALJ Powell's ruling was erroneous because: (1) she improperly discounted the medical opinion of Fletcher's treating physician Dr.

Jerome Groll, (2) she improperly assessed the credibility of Fletcher's complaints, and (3) she improperly relied on the testimony of the vocational expert ("VE"). (D.I. 11.)

In the R&R, the magistrate judge recommended that the court affirm the ALJ's determination and grant the Commissioner's motion for summary judgment. (D.I. 20.) Addressing each of Fletcher's contentions, Magistrate Judge Fallon determined that there was substantial evidence supporting ALJ Powell's decision to reject Dr. Groll's opinion, to discredit Fletcher's complaints, and to accept the VE's recommendation.

In his objections, Fletcher argues that the magistrate judge's recommendation is legally flawed. First, Fletcher maintains that there was not substantial evidence justifying the ALJ's rejection of Dr. Groll's opinion. Specifically, Fletcher argues that Dr. Groll's opinion (1) was grounded in clinical and objective medical findings on the record, and not merely based on Fletcher's subjective complaints of pain; and (2) is not contradicted by the other substantial evidence. Therefore, Fletcher asserts that Dr. Groll's opinion should have been afforded controlling weight. Second, Fletcher argues that Magistrate Judge Fallon incorrectly found substantial evidence in support of the ALJ's decision to discredit Fletcher's claims. He argues that the ALJ impermissibly "cherry-picked" statements from the record in support of her determination, while ignoring others that supported Fletcher's claims. Finally, Fletcher contends that, in light of the other errors, Magistrate Judge Fallon erred in accepting the VE's testimony.

### III. STANDARD OF REVIEW

The magistrate judge submitted her R&R pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure; the pending objections, therefore, are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also

may receive further evidence or return the matter to the magistrate judge with instructions for further proceedings. *Id.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 393. A fact is material only if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.*

In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.* In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party is also entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing or adduce evidence on an essential element of its case for which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions. *Appelmans v. City of Phila.*, 826 F.2d 214, 216 (3d Cir. 1987). Cross-motions for summary judgment:

> are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not

constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

*Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968). "The filing of cross-motions for summary judgment does not require the court to grant summary judgment for either party." *Krupa v. New Castle Cnty.*, 732 F. Supp. 497, 505 (D. Del. 1990).

## IV. DISCUSSION

After having reviewed the record in this case, the R&R, the parties' submissions, and the applicable law, the court finds that Magistrate Judge Fallon's conclusions of law were proper. The court agrees with and affirms the R&R. Thus, the court grants summary judgment for the Commissioner.

### A. Dr. Groll's Opinion

In the R&R, Magistrate Judge Fallon determined that the ALJ's decision not to afford controlling weight to Dr. Groll—Fletcher's treating physician—was supported by substantial evidence. The court agrees with the magistrate judge's conclusion.

As Magistrate Judge Fallon identified, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (D.I. 20 at 13 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).) The court finds that substantial evidence supports the ALJ's determination. Treating physicians' opinions are afforded controlling weight so long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996) ("Controlling weight may not be given to a treating source's medical opinion unless the opinion is well-supported . . . . Even if a treating source's medical opinion is well-supported, controlling weight

4

may not be given to the opinion unless it also is 'not inconsistent' with the other substantial evidence in the case record.").

ALJ Powell determined that Dr. Groll only minimally relied on objective criteria in assessing Fletcher's capacity to function, *e.g.*, MRI results and physical assessments. To the extent Dr. Groll briefly commented on these medical findings, ALJ Powell determined they were indicative of only mild limitations and did not support an opinion that Fletcher could not perform light work. Rather, the ALJ found that Dr. Groll's opinion was primarily informed by Fletcher's own subjective complaints of pain. The court finds substantial evidence for the ALJ's interpretation of Dr. Groll's opinion—specifically, that is was not "*well-supported* by medically acceptable clinical and laboratory diagnostic techniques." § 404.1527(c)(2) (emphasis added).

Moreover, ALJ Powell discounted Dr. Groll's ultimate opinion because it conflicted with the remainder of the record. Magistrate Judge Fallon found this conclusion to be supported by substantial evidence as well, and the court agrees. As an initial matter, Dr. Groll's opinion is at odds with those offered by the state agency physicians/consultants. Standing alone, this conflict may not be sufficient reason to reject Dr. Groll's opinion. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). But Dr. Groll's July 11, 2009, report—stating that Fletcher could not work in any capacity—conflicts with a Multiple Impairment Questionnaire he completed on June 22, 2009, only a few weeks previously, which stated Fletcher could perform some limited activity. This unexplained discrepancy in Dr. Groll's own reports—separated by only a short time—is substantial evidence supporting the ALJ's decision not to afford controlling weight to Dr. Groll.

In light of Dr. Groll's internally inconsistent opinion, together with the conflicting opinions from the state-agency physicians, ALJ Powell ultimately rejected Dr. Groll's opinion.

Although Fletcher disagrees with the ALJ's calculus in weighing the conflicting opinions, the court's role on review is a limited one—it will not substitute its judgment for that of the ALJ where the ALJ's decision applied the correct legal doctrines and was supported by substantial evidence. *See Zirnsak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir.2005)). The court shares Magistrate Judge Fallon's view that ALJ Powell's ruling complies with this standard. Thus, there is no error in the R&R.

### B. <u>Fletcher's Complaints</u>

Turning to Fletcher's second argument, the court finds no error in the magistrate judge's determination that the ALJ's decision to discredit Fletcher's subjective complaints of pain was supported by substantial evidence. The following framework governed the ALJ's analysis:

> The regulations explain that an ALJ must undertake a two-step process in evaluating subjective complaints. First, the ALJ must determine whether there is an impairment that could reasonably be expected to produce the pain or other symptoms. Second, after making this determination, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities."

*Conn v. Astrue*, 852 F. Supp. 2d 517 (D. Del. 2012) (internal citations omitted) (quoting SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996)).

ALJ Powell determined that Fletcher's impairment "could reasonably be expected to produce the pain." *See id.* In light of conflicting evidence and statements in the record, however, the ALJ could not credit Fletcher's complaints concerning "the intensity, persistence, and limiting effects of [his] symptoms." *See id.* The ALJ pointed to several instances in the record where Fletcher indicated that his pain was well managed and not prohibitively limiting to his ability to function. Magistrate Judge Fallon determined that these contradictory statements constituted substantial evidence in support of ALJ Powell's decision to discredit Fletcher.

6

Fletcher asserts that this recommendation was erroneous because the ALJ only "cherry-picked" statements in the record that were detrimental to Fletcher's claims, while ignoring others in his favor. (D.I. 21 at 7 (citing *Griffith v. Astrue*, 839 F. Supp. 2d 771 (D. Del. 2012) ("[A]n ALJ is not permitted to 'cherry-pick' only that evidence that supports her position.")). But the court does not view the ALJ's ruling as cherry-picking. ALJ Powell did not single out these statements as affirmative proof that Fletcher is not disabled but, rather, to illustrate the inconsistency of Fletcher's complaints and explain why they should not be afforded serious weight. This inconsistency is what is important to ALJ Powell's decision, not the actual substance. Thus, the court agrees with Magistrate Judge Fallon's recommendation that the ALJ's credibility determination was supported by substantial evidence.

### C. Vocational Expert Testimony

The magistrate judge found that the ALJ's reliance on the VE testimony was supported by substantial evidence. Fletcher argues that this recommendation was erroneous because of the other perceived errors in the ALJ's analysis and the R&R, *i.e.*, rejecting Dr. Groll's opinion and discrediting Fletcher. The court has explained that the ALJ's rulings were supported by substantial evidence. Therefore, the ALJ properly relied on the VE's testimony, and there was no error in the magistrate judge's R&R.

### V. CONCLUSION

For the foregoing reasons, the court adopts Magistrate Judge Fallon's R&R. (D.I. 20.) The court grants the Commissioner's motion for summary judgment. (D.I. 14.) The court denies Fletcher's motion for summary judgment. (D.I. 11.)

Dated: March 19, 2015

UNITED STATES DISTRICT JUDGE

7